J-S70017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JOSEPH KWAHA | |
| Appellant | No. 502 EDA 2016 |

Appeal from the PCRA Order January 21, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008118-2007

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 11, 2016**

Joseph Kwaha appeals *pro se*[1] from the order entered January 21, 2016, in the Court of Common Pleas of Delaware County, dismissing, without a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Kwaha seeks relief from the judgment of sentence of two to four years' imprisonment imposed in **2008**,[2] after he entered a negotiated guilty plea at Docket No. 8118-2007

---

[1] Appointed counsel filed a **Turner/Finley** no-merit letter and the PCRA court granted counsel's petition for leave to withdraw from representation. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley,** 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In order to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i).  The Commonwealth states in its brief:

*(Footnote Continued Next Page)*

to possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30).[3]

Kwaha contends the PCRA court erred in dismissing his PCRA petition because he satisfied an exception to the PCRA time bar, and he is serving an illegal sentence in light of the United States Supreme Court's ruling in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) and the Pennsylvania Supreme Court's ruling in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), and the United States Supreme Court's ruling in ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[4] ***See*** Kwaha's Brief at 4. Based upon the following, we affirm.

_____

*(Footnote Continued)*

> The Commonwealth is not sure if [Kwaha] is still serving this sentence since the overall sentence of 2 years and 6 months less a day to 5 years less a day should have maxed out in the County prison system. [Kwaha] does appear to have other cases in the state system that may be the reason he is incarcerated in a state facility. However, since the trial court did not deny the petition on this basis, there is no record on this issue.

Commonwealth Brief at 2 n.1.

[3] As part of the same negotiated plea agreement, Kwaha also pled guilty at Docket No. 8167-2007 to fleeing or attempting to elude police officer, 75 Pa.C.S. § 3733. The aggregate sentence imposed by the court was a two to four year term of imprisonment at Docket No. 8118-2007, and a six months less one day to 12 months less one day term of imprisonment at Docket No. 8167-2007, to run consecutive to the sentence imposed at Docket 8118-2007. The court allowed Kwaha to serve his sentence at the Delaware County Prison.

[4] The PCRA court, by order entered February 11, 2016, directed Kwaha to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The 21st day from the court's order was Thursday, March 3, 2016. Kwaha's concise statement was entered on the

*(Footnote Continued Next Page)*

The PCRA court has summarized the procedural history of this case, as follows:

> On October 15, 2008, [Kwaha] appeared before [the trial court] and entered a negotiated guilty plea [at Docket No. 8118-2007] to PWID [possession with intent to deliver], an ungraded felony, and [at Docket No. 8167-2007 to] Fleeing and Eluding Police Officer [F-3]. Immediately thereafter, the Court imposed sentence, consistent with the terms of the negotiated plea, to a term of 2-4 years confinement on PWID, followed by a consecutive 6-12 months less one day term of incarceration on Fleeing and Eluding. Pursuant to the negotiated plea, [Kwaha] was permitted to serve the sentence at Delaware County Prison.
>
> [Kwaha] did not file any Post Sentence Motions, including any motion requesting withdrawal of his previously entered guilty plea. In addition, [Kwaha] did not file an appeal to the Pennsylvania Superior Court. Thus, judgment of sentence became final on November 14, 2008.
>
> On August 31, 2015, [Kwaha] filed a *pro se* PCRA [petition] and PCRA [c]ounsel was appointed to represent his interests. After an exhaustive review of the record, on December 10, 2015 PCRA counsel filed a ***Fin[le]y*** "No Merit" letter. On December 16, 2015 this Court served [Kwaha] with a Twenty Day Notice of Intent to Dismiss his PCRA Petition without a hearing. Thereafter [Kwaha's] PCRA [petition] was dismissed on January 21, 2016 and this timely appeal followed.
>
> In his Matters Complained of on Appeal, [Kwaha] raises the following issues for appeal[:] 1) this Court erred in dismissing his PCRA petition as untimely; 2) PCRA counsel was ineffective for failing to advance his untimely PCRA petition; and 3) his sentence was illegal.

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺⸺⸺

docket on Monday, March 7, 2016. We decline to find waiver based on an untimely Rule 1925(b) statement in this case, since the concise statement is dated February 27, 2016, and the postmark that would have indicated the date the concise statement was mailed from prison was not saved in the certified record.

PCRA Court Opinion, 3/8/2016, at 1-2 (record citations and footnotes omitted).

"[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (citation omitted). However, before we can address the merits, we must determine if the petition is timely.

> Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 2014 PA Super 27, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended  only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 611 Pa. 80, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 2014 PA Super 68, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.
>
> **§ 9545. Jurisdiction and proceedings**
>
> ...
>
> (b) Time for filing petition.—
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of

the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

...

42 Pa.C.S.A. § 9545(b).

**Commonwealth v. Miller,** 102 A.3d 988, 992-93 (Pa. Super. 2014).

Additionally, it should be noted: "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) (citations omitted).

Here, the PCRA court correctly determined Kwaha's judgment of sentence became final on November 14, 2008, 30 days after the judgment of sentence when the time for filing a direct appeal to this Court expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Kwaha had

until Monday, November 16, 2009, to file a PCRA petition. As the present petition, which is Kwaha's first PCRA petition, was filed on August 31, 2015, it is patently untimely. We turn then to consider whether Kwaha has pled and proven an exception to the PCRA time bar.

Kwaha relies on the Pennsylvania Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), which was based upon **Alleyne v. United States**, 133 S. Ct. 2151 (2013). In **Alleyne**, the United States Supreme Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt. **See** 133 S.Ct. at 2155. In **Hopkins**, the Pennsylvania Supreme Court, applying **Alleyne**, held that 18 Pa.C.S. § 6317 ("Drug-free school zones") — which provides for a mandatory minimum sentence based upon a fact to be determined by a preponderance of the evidence at sentencing — was constitutionally infirm.

In invoking the PCRA's exceptions, Kwaha contends he satisfied 42 Pa.C.S. § 9545(b)(2) by filing his PCRA petition within 60 days of **Hopkins**, which was decided on June 15, 2015. For purposes of the "prisoner mailbox rule," Kwaha attaches to his brief a copy of his prison postage order and receipt, dated August 14, 2015. **See Commonwealth v. Brandon**, 51 A.3d 231, 234 n.5 (Pa. Super. 2012) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.") (citation omitted). However, even accepting

Kwaha's argument that he met the section 9545(b)(2) prerequisite of filing his PCRA petition raising an exception within 60 days of the date the claim could have been filed, no relief is due.

Our Courts have held that judicial decisions do not qualify as newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii). *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011); *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013).

Moreover, *Hopkins* does not satisfy the exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii) for a newly recognized constitutional right that applies retroactively. *Hopkins* involved a direct appeal in which the Pennsylvania Supreme Court applied *Alleyne*. *Hopkins* itself did not recognize a new constitutional right or rule that *Alleyne* applies retroactively in Pennsylvania cases. In fact, on July 19, 2016, in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court definitively held that *Alleyne* does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence has become final.

In addition, in his brief, Kwaha cites the recent United States Supreme Court decision of *Montgomery v. Louisana*, 136 S. Ct. 718 (2016), which was decided on January 25, 2016, four days after the PCRA court had denied

- 7 -

Kwaha's petition.[5] Kwaka argues **Montgomery** "set forth a new criteria for determining when a ruling is retroactive and under this criteria gives both **Hopkins** and **Alleyne** retroactive effect." Kwaha's Brief at 8-9. This argument also implicates the exception set forth at 42 Pa.C.S. § 9545(b)(1)(iii) for a newly recognized constitutional right that applies retroactively. Kwaha's argument, however, is unavailing.

In **Montgomery**, the Supreme Court held that its prior decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012) — which declared that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishments — constituted a new substantive rule that must be applied retroactively to cases on collateral review. Kwaha's reliance on **Montgomery** is misplaced because, subsequent to and mindful of the **Montgomery** decision, the Pennsylvania Supreme Court held **Alleyne** does not apply retroactively to cases on collateral review. **See Washington**, **supra**, 142 A.3d at ___ (explaining, *inter alia*, "[T]he **Alleyne** rule neither alters the range of conduct or the class of persons punished by the law. **See Montgomery**, U.S. at , 136 S. Ct. at 729-30."). To date, there is no

---

[5] Because **Montgomery** was not decided until after the PCRA court's dismissal of his petition, Kwaha could not plead and prove his retroactive argument based on **Montgomery** in the PCRA court.

United States Supreme Court decision holding that *Alleyne* applies retroactively to untimely PCRA petitions.

Based upon the foregoing, we conclude Kwaha's petition is facially untimely and he has failed to plead and prove a statutory exception to overcome the PCRA time bar. Therefore, Kwaha is not entitled to review of his PCRA claim.

Moreover, even on the merits his claim would fail. The PCRA court found, and we agree, that "the official record does not reflect that [Kwaha] was sentenced under any mandatory sentencing scheme." PCRA Court Opinion, 3/8/2016, at 5. Kwaha, however, maintains:

> Contrary to both PCRA counsel and the PCRA Court's erroneous assumption that nowhere in the sentencing record does it reflect that [Kwaha] was sentenced to a mandatory sentence, [Kwaha] in fact was. During sentencing, although the express words "Mandatory" were no[t] invoked by any of the parties, under the Drug Free School Zone Act, the mandatory sentence for a violation of this statute is/was a mandatory minimum sentence of two (2) years of incarceration. [Kwaha] was sentenced to two (2) to four (4) years for this offense, therefore, by application [Kwaha] was sentenced to the mandatory minimum.
>
> … [O]n the day of sentencing counsel informed [Kwaha] that due to [the] Drug Free School Zone Act, he was subject to the mandatory minimum and therefore the best deal he could and should accept was to 2 year mandatory sentence.

Kwaha's Brief at 13–14.

Kwaha's argument is essentially that because he received a two-year minimum sentence, which matches the mandatory minimum specified in 18 Pa.C.S. § 6317 ("Drug-free school zones"), he received a mandatory

minimum sentence on the drug charge. The certified record, however, contains no Commonwealth notice of intent to pursue application of the mandatory minimum. *See* 18 Pa.C.S. § 6317(b) ("reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing"). Also, there is no indication in the transcript of the guilty plea/sentencing hearing that the two-to-four year sentence was a mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 6317. The guideline sentence form reflects the boxes for "mandatory minimum" and "mandatory" are blank.[6] Therefore, the record supports the PCRA court's determination that Kwaha's sentence did not involve a mandatory minimum sentencing scheme.

Accordingly, for all the above reasons, we affirm the PCRA court's order that dismissed Kwaha's first PCRA petition without a hearing.

Order affirmed.

---

[6] The guideline sentence form does reflect a "school" enhancement. *See* Sentencing Guideline Form, 10/20/2008 (indicating standard range of 24-54 months, with offense gravity score of 6 and prior record score of 3). Kwaha may have conflated mandatory minimum sentences with enhancement sentences. This Court has held that "[t]he enhancements do not bind the trial court to impose any particular sentence, nor do they compel the court to sentence within the specified range. Indeed, it is well-settled that the sentencing guidelines ultimately are only advisory. Thus, *Alleyne* has no application to the enhancements." *Commonwealth v. Ali*, (Pa. Super. 2015) (citation omitted), *appeal granted on other grounds*, 127 A.3d 1286 (Pa. 2015).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016